IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| KILE ELDER, | Case No. 6:25-cv-01369-MC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| NORTH BEND POLICE DEPARTMENT, | |
| Defendant. | |

MCSHANE, Judge:

Self-represented Plaintiff, Kile Elder, seeks leave to proceed *in forma pauperis* ("IFP") in this action against the North Bend Police Department. Before the Court are Plaintiff's Complaint and his Application for Leave to Proceed IFP. ECF Nos. 1–2. For the reasons discussed below, Plaintiff's IFP Application is GRANTED.

## **LEGAL STANDARD**

This Court has discretion in deciding whether to grant IFP. *See O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, pursuant to § 1915(e)(2)(B), the court must screen the complaint to determine whether the plaintiff has raised a cognizable legal claim. *See, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008). "[T]he court shall dismiss the case at any time if the court determines that" the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who

1 – Opinion and Order

is immune from such relief." § 1915(e)(2)(B). The Court construes pleadings by self-represented plaintiffs liberally and affords the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

## DISCUSSION

### I. Plaintiff's Motion to Proceed IFP

The Court is satisfied by Plaintiff's representation that he is "unable to pay the fees for these proceedings[.]" Application to Proceed In Forma Pauperis 1, ECF No. 1. Plaintiff's Motion to Proceed IFP is GRANTED, and the Court moves on to screen Plaintiff's Complaint for claims that are frivolous or fail to state a claim for relief.

### II. Plaintiff's Complaint

A complaint is frivolous "if it lacks an arguable basis either in law or in fact," and the Court applies the familiar standard under Fed. R. Civ. P. 12(b)(6) when considering Plaintiff's claims. *Cato v. U.S.*, 70 F.3d 1103, 1106 (9th Cir. 1995); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Under that standard, the Court takes as true all allegations of material fact and construes them in the light most favorable to the plaintiff. *Id.* Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Dismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison*, 668 F.3d at 1112.

Construing Plaintiff's Complaint liberally at this early stage in the proceedings, Plaintiff may have viable, non-frivolous claims against Defendant. Plaintiff alleges that Defendant violated his Fourth Amendment rights "by entering [his] land, [his] home, and attacking [him] while walking home." Compl. 3. On April 1, 2024, Plaintiff alleges that Defendant attacked him in his home, citing Plaintiff's consumption of cannabis on his patio as probable cause. *Id.* at 4. He states

that on "May 12, 2024, officers attacked [him] again in [his] home causing over $50,000 in losses and damages[.]" *Id.* Plaintiff further alleges that officers pinned his dog, Silver, down with assault rifles, and that Officer Martin kicked Plaintiff in his ribs. *Id.* He alleges that he was subject to false imprisonment and that $25,000 in grants were lost due to Defendant's misconduct. *Id.*

Although Plaintiff's allegations could be more robust, they are sufficient to warrant a grant of IFP status. He sufficiently states the conduct at issue that, if true, could give rise to liability under the Fourth Amendment and 42 U.S.C. § 1983. He identifies the days of the alleged misconduct, at least one officer who may be responsible, and factual details that allow the Court to infer a potential violation of Plaintiff's rights.

Plaintiff is advised that additional facts may be necessary to sustain his claims beyond this stage, so an amended complaint with those details may aid in the efficient resolution of his claims. At this stage, however, Plaintiff's Complaint does not appear entirely frivolous, so his Application for Leave to Proceed IFP is GRANTED.

## CONCLUSION

For the reasons discussed above, Plaintiff's Application for Leave to Proceed In Forma Pauperis, ECF No. 1, is GRANTED. If Plaintiff wishes to do so, he may file an amended complaint within 30 days of this Order.

IT IS SO ORDERED.

DATED this 2nd day of September 2025.

                                                    s/Michael J. McShane
                                                        Michael McShane
                                            United States District Judge